UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIFFANY M. VERSAKOS DEBORD,

    Plaintiff,

v.                                        Case No. 8:20-cv-1450-T-60TGW

THE AUTOMOBILE INSURANCE
COMPANY OF HARTFORD,
CONNECTICUT, PURPOSE
INSURANCE AGENCY, INC.,
and DANIEL I. SAMP,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION TO REMAND AND
DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES**

This matter is before the Court on Plaintiff Tiffany M. Versakos DeBord's "Amended Motion to Remand," filed August 14, 2020. (Doc. 21). Defendant The Automobile Insurance Company of Hartford, Connecticut ("AICHC") filed its response in opposition on August 24, 2020. (Doc. 24). After reviewing the motion, response, court file, and record, the Court finds as follows:

**Background**

In 2015, DeBord was in a car accident where she suffered severe and permanent injuries. Karl Kluchohn, the man who caused the accident, held two different insurance policies at that time covering the incident: (1) a personal liability umbrella policy ("Umbrella Plan") issued by AICHC which provided up to $2,000,000 per incident subject to a $500,000 deductible; and (2) an automobile liability policy issued by Allied Property & Casualty Company ("Allied") procured for him by Defendants Purpose

Insurance Agency ("Purpose") and Daniel I. Samp (together "Agents") that provided coverage for bodily injury up to $100,000. These policies together left a $400,000 gap in coverage, which was explicitly prohibited by the Umbrella Plan that required the holder to also maintain a supplemental plan to cover at least up to the $500,000 deductible. DeBord later sued Kluckhohn for injuries stemming from the accident. AICHC declined to offer its policy limits to settle the claim against its insured, citing Kluckhohn's failure to maintain separate insurance to cover the $500,000 deductible. A jury returned a verdict in DeBord's favor in the amount of $3,669,900.16.

DeBord now brings a three-count suit against AICHC and Agents. In Count I, DeBord asserts a bad faith claim against AICHC, alleging that it violated its duty to settle the claim brought by DeBord against AICHC's insured, Kluckhohn. In Counts II and III, DeBord argues Agents were negligent and breached their fiduciary duties by procuring insurance that left a $400,000 gap in coverage. DeBord and Agents are citizens of Florida, and AICHC is a citizen of Connecticut for the purposes of jurisdiction.

## Legal Standard

When a civil action is originally brought in state court, a defendant may remove the action when the federal court would also have original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Complete diversity requires every plaintiff to be diverse from every defendant. *Tapscott v. MS Dealer Service Corp*. 33 F.3d 1353, 1359 (11th Cir. 1996). However, "[a]n action may

nevertheless be removable if the joinder of non-diverse parties is fraudulent." *Tapscott*, F.3d at 1359. The removing defendant bears the burden of establishing federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to propriety of removal should be resolved in favor of remand to state court. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

## Analysis

In her motion, DeBord argues this matter should be remanded to state court because complete diversity is lacking under 28 U.S.C. § 1332(a). AICHC agrees that the parties joined here are non-diverse but contends that Purpose and Samp were fraudulently joined for the purpose of destroying diversity jurisdiction. Accordingly, AICHC requests this Court find its co-defendants were fraudulently joined, sever them from the lawsuit, and retain jurisdiction over the claim DeBord brings against AICHC.

Fraudulent joinder may be found in three instances – (1) when there is no possibility that a plaintiff can prove a cause of action against the non-diverse defendant; (2) when there is outright fraud in the pleading of jurisdictional facts; or (3) when there is no joint, several, or alternative liability between the diverse and non-diverse defendants and the claims against the diverse defendants have no real connection to the claim against the non-diverse defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The removing party must prove joinder was fraudulent by clear and convincing evidence, and the burden of establishing fraudulent joinder "is a heavy one." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997)).

The Court finds AICHC has not met this burden. DeBord's complaint clearly seeks joint, several, or alternative liability between the diverse and non-diverse defendants, and the claims are connected. In Counts II and III, DeBord alleges that if the $400,000 gap in insurance coverage violates the terms of the Umbrella Plan such that AICHC was relieved of its duty to settle DeBord's claim in good faith, "then [Purpose] and Samp are liable for the excess judgment." (Doc. 1-2 at ¶ 24). Thus, DeBord seeks to recover from AICHC and Agents for the same underlying loss, and the liability of Agents may turn on whether AICHC was freed from responsibility under the Umbrella Plan.[1]

Accordingly, the Court finds that AICHC has failed to meet the high burden required to establish fraudulent joinder. *See Stillwell*, 663 F.3d at 1334-35 (holding that district court erred by concluding that non-diverse defendant was fraudulently joined in case where plaintiff asserted bad faith claim against diverse insurer and separate breach of fiduciary duty claim against non-diverse agent that procured insurance). Because complete diversity between the parties does not exist, the Court does not have subject matter jurisdiction to hear the case.

DeBord also argues she is entitled to the attorney's fees and costs associated with AICHC's removal and this motion to remand under 28 U.S.C. § 1447(c). Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts

---

[1] AICHC does not argue that DeBord has no possibility of prevailing against the Agents, and under Florida law, insurance agents may be held liable in these circumstances. *See, e.g.*, *Robinson v. John E. Hunt & Assoc.*, 490 So. 2d 1291, 1293 (Fla. 1st DCA 1986) ("Florida permits a direct third party action by an injured person against an insurance agent for that agent's alleged negligence in failing to provide the tortfeasor adequate insurance.").

may award attorney's fees as part of a remand "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  While the Court finds AICHC has not met the high burden required to establish fraudulent joinder, and that remand is warranted in this case, AICHC had an objectively reasonable basis for removal.  Nothing suggests that AICHC removed this case for improper purposes, such as to delay litigation.  Therefore, an award of attorney's fees is not warranted under § 1447(c).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's "Amended Motion to Remand" (Doc. 21) is hereby **GRANTED**.

(2) Plaintiff's request for attorney's fees and costs is **DENIED**.

(3) This action is **REMANDED** to state court.  Once remand is effected, the Clerk is directed to **CLOSE THIS CASE**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of October, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**